UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**WILLIAM G. SMITH**                                                                                    **PETITIONER**

**v.**                                                                                **CIVIL ACTION NO. 5:12CV-P104-R**

**COMMONWEALTH OF KENTUCKY** *et al.*                                                   **RESPONDENT**

### MEMORANDUM OPINION

Petitioner William G. Smith filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1). He also filed an application to proceed without prepayment of fees (DN 7). On August 28, 2012, the Court entered an Order in this case denying Petitioner's application to proceed without prepayment of fees and directing him to tender the $5.00 filing fee to the Clerk of Court within 30 days from entry of the Order (DN 9). The Order further stated that, "Petitioner is **WARNED** that failure to comply with this Order within the time allowed **will result in dismissal** of the action." Over 30 days have passed since the entry of the Order and Petitioner has failed to pay the filing fee as directed by the Court's Order. Additionally, he has not filed any document with the Court explaining this failure or requesting additional time in which to comply. The Court's record reflects that he has simply taken no action regarding this matter.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a petitioner fails to prosecute or to comply with an order of the court. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures

readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Petitioner failed to comply with the Court's Order (DN 9) and has failed to take any action in this case subsequent to entry of the Order, the Court concludes that he has abandoned any interest in prosecuting this action.

Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Petitioner, *pro se*
4413.003